IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISMAIL R. HASSAN-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 15-874-SLR |
| ) | |
| CORPORAL JEFFREY DICKERSON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

1. **Background**. Plaintiff, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the

elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff alleges that, on September 24, 2013, he was arrested with excessive force when he was kicked and tazed numerous times by defendants Officer Paul DiMarco ("DiMarco") and Corporal Jeffrey Dickerson ("Dickerson"), and forced to the ground. The incident occurred in the 1000 block of North Jefferson Street, in Wilmington, Delaware. Plaintiff was charged with resisting arrest, but the charge was dropped. He was found guilty of disorderly conduct. He seeks damages for his injuries.

7. **Statute of Limitations**. Plaintiff's claim accrued on September 24, 2013, the date of the occurrence, but he did not file the complaint until September 28, 2015, four days after the statute of limitations had expired.[1] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions, *Wilson v. Garcia*, 471 U.S. 261, 275 (1983), and, in Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D.

---

[1]Plaintiff's complaint was signed on September 20, 2015. However, it was not received by the Clerk's Office until September 28, 2015, the date it was file-stamped. Because this is not a prisoner case, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See e.g.*, Bond v. VisionQuest, 410 F. App'x 510 (3d Cir. 2010) (unpublished); *see also* Fed. R. Civ. P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk).

3

Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

8. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is clear from the face of the complaint that it was not timely filed. Therefore, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

9. **Conclusion**. For the above reasons, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile. A separate order shall issue.

Dated: _____11/4_____, 2015

UNITED STATES DISTRICT JUDGE